UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DHULKIFL ABDUL-ALI ex rel. GEORGE JEROME STEVENSON; EZEKIEL GAMBA JUDAH,<br><br>　　　　　Petitioner(s),<br><br>　　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 19-10726-ODW (PLA)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

On December 19, 2019, a "Petition for Writ of Habeas Corpus by Person Committed to State Hospital" ("Petition") was filed. The Petition's pleading caption states: "Dhulkifl Abdul-Ali: Bey ex rel[.] GEORGE JEROME STEVENSON Ezekiel Gamba Judah" v. People of the State of California. (ECF No. 1 at 1). The body of the Petition alleges that petitioner -- who is not identified by name -- is confined at Patton State Hospital for mental health treatment pursuant to an order by the Los Angeles County Superior Court, even though petitioner has never "been a person with a mental health disorder and is not a danger to himself or to others, and is not gravely disabled." (Id. at 1-2). The Petition seeks as relief an order from the Court directing the medical director of Patton State Hospital to release petitioner. (Id. at 2).

Also on December 19, 2019, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed in this matter, with the caption stating: "GEORGE JEROME STEVENSON Ezekiel Gamba Judah" v. People of the State of California. (ECF No. 2 at 1). This second filing, which the Court refers to as the "Supplemental Petition," alleges that habeas relief is sought for "Pretrial Detainee Dhulkifi Abdul-Ali: Bey ex rel[.] GEORGE JEROME STEVENSON, Ezekiel Gamba Judah: PETITIONER[.]" (Id.). The Court is unable to discern from the unintelligible and confusing assertions, which do not appear to reference petitioner's civil commitment to the state hospital, what claims, if any, petitioner presents in the Supplemental Petition. (Id. at 1-2).

Based on the Court's review of the above filings, dismissal of the Petition without prejudice and with leave to amend is appropriate for the reasons set forth below.

As an initial matter, petitioner did not use the proper form, pursuant to Local Rule 83-16.1, which requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court." Habeas forms are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid a petitioner to present the relevant information regarding his or her habeas claim(s) in a "simple, concise, and direct" manner, as required by Rule 8(d) of the Federal Rules of Civil Procedure.

Given petitioner's failure to use the proper habeas form, and the confusing nature of his assertions, it is not clear from the Petition and/or Supplemental Petition exactly what, or how many, grounds for relief petitioner presents or if he has exhausted any claims. To the extent petitioner is challenging the state court's order committing him to Patton State Hospital, his habeas claims would fall under 28 U.S.C. § 2254. See Duncan v. Walker, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("[F]ederal habeas corpus review may be available to challenge the legality of a state court order of civil commitment[.]"); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509,

518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, there is no indication that petitioner has satisfied the exhaustion requirement.[1]

---

[1] The Court notes that the Supplemental Petition references 28 U.S.C. § 2241 and characterizes petitioner as a "pretrial detainee." (ECF No. 2 at 1). Section 2241 empowers a federal court to grant habeas relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); see also McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) ("[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment -- for example, a defendant in pre-trial detention[.]"), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011). Although
(continued...)

Next, petitioner did not properly complete the Petition because he failed to provide a signed statement certifying under penalty of perjury that the information contained in the Petition is true and correct. The Supplemental Petition has the same defect. (See ECF No. 1 at 2; ECF No. 2 at 2). 28 U.S.C. § 2242 requires that a petition for writ of habeas corpus be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Accordingly, the failure to sign and verify the Petition warrants dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition.") (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition)).

The Petition is also defective because the identity of petitioner is not clear. The Petition and the Supplemental Petition reference the names Dhulkifl Abdul-Ali,[2] George Jerome Stevenson, and Ezekiel Gamba Judah. While it appears that one of these individuals may be acting as an "authorized representative" of petitioner in this matter, the Court cannot determine with certainty which individual is petitioner and which individual, if any, is the "authorized representative." (See ECF No. 2 at 2).

Although it is not clear if a third party is in fact pursuing habeas relief on petitioner's behalf, the Court notes that, under those circumstances, jurisdiction would be lacking unless "next friend" standing was granted. As a threshold matter, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. Whitmore v. Arkansas, 495 U.S. 149, 154, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). A litigant demonstrates standing by showing that he has suffered an injury in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial decision. Id. at

---

[1](...continued)
exhaustion under § 2241 is not a jurisdictional prerequisite, federal courts require, "as a prudential matter, . . . that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Accordingly, even if petitioner seeks to raise federal habeas claims as a pretrial detainee, he must complete exhaustion before doing so.

[2] The Petition spells this name as "Dhulkifl" while the Supplemental Petition spells it as "Dhulkifi."

4

155. A third party, or "next friend," can appear in court on behalf of detained prisoners who are unable to seek habeas relief themselves. Id. at 161-62 (noting that 28 U.S.C. § 2242, which allows for an application for writ of habeas corpus to be signed and verified "by the person for whose relief it is intended *or by someone acting in his behalf*," codified the "next friend" doctrine) (emphasis in original). A "next friend" does not become a party to the habeas action, but pursues the cause on behalf of the detained person, who remains the real party in interest. Id. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. Rather, two prerequisites must be satisfied: first, the "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the petitioner cannot appear on his own behalf to prosecute the action; second, the "next friend" must have a significant relationship with the petitioner and be truly dedicated to the best interests of the petitioner. The burden is on the "next friend" to establish that "next friend" standing is proper. Id. at 163-64. When a habeas petition is brought by an individual who lacks standing to proceed as "next friend" of the petitioner, the federal court lacks jurisdiction over the action. See id. at 166. And even if the Whitmore requirements are met, a "next friend" may not proceed with a habeas action on behalf of another without an attorney as a non-attorney has no authority to appear on behalf of anyone else. See United States v. French, 748 F.3d 922, 933 (9th Cir. 2014) (noting "well-settled rule against lay representation"); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-lawyer has no authority to appear as an attorney for others").

Based on these serious deficiencies, amendment is appropriate. Accordingly, IT IS ORDERED that the **Petition is dismissed with leave to amend**.

In the event that petitioner has a "representative" who seeks to proceed on behalf of petitioner in this action as a "next friend," **by no later than January 15, 2020**, the "representative" must file a motion requesting "next friend" status that addresses the factors cited in Whitmore. Along with the motion, the "representative" must show his authorization to practice law before this Court, or otherwise proceed with legal representation.

5

If "next friend" status is not sought, and the requisite "next friend" motion is not filed by the ordered deadline, **petitioner is ordered to file, no later than January 24, 2020, an Amended Petition on the proper form. The Amended Petition should clearly contain the words "AMENDED PETITION." Petitioner, in the Amended Petition, must clearly state each ground for relief he is asserting, and include a clear statement of the facts supporting each ground for relief**. Additionally, petitioner must clearly indicate whether he has satisfied the state court exhaustion requirement, and also provide a signature and signature date where indicated in the form.

**Petitioner is advised that if a "next friend" motion is not filed and an Amended Petition, using the proper form, is not received by January 24, 2020, dismissal of the instant Petition will be recommended for failure to prosecute and failure to comply with this Order and governing case law.**

The Court Clerk is directed to send petitioner a copy of a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a blank Declaration in Support of Request to Proceed In Forma Pauperis, along with this Order.

In addition, if petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rules of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for petitioner's convenience.

DATED: December 27, 2019

_/s/ Paul L. Abrams_
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE