JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DHULKIFL ABDUL-ALI: BEY ex rel. GEORGE JEROME STEVENSON; EZEKIEL GAMBA JUDAH,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. CV 19-10726-ODW (PLA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO NAME PETITIONER; FAILURE TO USE THE PROPER FORM; FAILURE TO STATE A CLAIM; FAILURE TO EXHAUST CLAIMS; FAILURE TO PROSECUTE; AND FAILURE TO NOTIFY THE COURT OF CHANGE OF ADDRESS; DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**DISCUSSION**

**A.    BACKGROUND**

On December 19, 2019, a "Petition for Writ of Habeas Corpus by Person Committed to State Hospital" ("Petition") was filed in this action. The Petition's pleading caption states: "Dhulkifl Abdul-Ali: Bey ex rel[.] GEORGE JEROME STEVENSON Ezekiel Gamba Judah" v. People of the State of California. (ECF No. 1 at 1). The body of the Petition alleges that petitioner -- who is not identified by name -- is confined at Patton State Hospital for mental health treatment pursuant to an order by the Los Angeles County Superior Court, even though petitioner has never "been a person with a

mental health disorder and is not a danger to himself or to others, and is not gravely disabled." (Id. at 1-2). The Petition seeks as relief an order from the Court directing the medical director of Patton State Hospital to release petitioner. (Id. at 2). Also on December 19, 2019, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was filed in this matter, with the caption stating: "GEORGE JEROME STEVENSON Ezekiel Gamba Judah" v. People of the State of California. (ECF No. 2 at 1). This second filing, which the Court refers to as the "Supplemental Petition," alleges that habeas relief is sought for "Pretrial Detainee Dhulkifi Abdul-Ali: Bey ex rel[.] GEORGE JEROME STEVENSON, Ezekiel Gamba Judah: PETITIONER[.]" (Id.).

On December 27, 2019, the Magistrate Judge issued an Order Dismissing Petition with Leave to Amend (ECF No. 5) noting the following deficiencies: the proper Central District form was not used for the Petition and Supplemental Petition (collectively "Petitions"); it is not clear from the Petitions "exactly what, or how many, grounds for relief petitioner presents or if he has exhausted any claims"; the Petitions did not contain a signed statement certifying under penalty of perjury that the information contained in the Petitions is true and correct; the identity of the petitioner is not clear in either document; and, it is not clear whether a third party is in fact pursuing habeas relief on petitioner's behalf as a "next friend." (Id.). Petitioner was advised that if he has a representative who seeks to proceed on his behalf in this action as a next friend, the representative must file a motion requesting next friend status no later than January 15, 2020. (Id.). In the alternative, petitioner was ordered to file, no later than January 24, 2020, an Amended Petition on the proper form, containing all of the required information. (Id. at 6). Petitioner was further advised that if nothing had been filed by January 24, 2020, "**dismissal of the instant Petition[s] will be recommended for failure to prosecute and failure to comply with this Order and governing case law**." (Id. (emphasis in original)).

On January 13, 2020, the Magistrate Judge's Order Dismissing Petition with Leave to Amend, sent by the Court to petitioner at his address of record, was returned with the notations "Unable to Forward," and "Released . . . 12/30."

/

/

**B.     REASONS TO DISMISS THIS ACTION CITED IN THE JANUARY 13, 2020, ORDER**

The Court has reviewed the Petitions as well as the Magistrate Judge's December 27, 2019, "Order Dismissing Petition[s] with Leave to Amend" and determines that the reasons cited by the Magistrate Judge for dismissing the Petitions were valid. Moreover, because the December 27, 2019, Order was returned as undeliverable, it is irrelevant that the deadlines set by the Magistrate Judge have not yet expired.

Based on the foregoing, this Court determines that dismissal of the action without prejudice is now warranted. Indeed, after reviewing the Petitions, this Court is also unable to discern from the unintelligible and confusing assertions, what claims, if any, petitioner is presenting in the Petitions. (Id. at 1-2). Not only is the name of the actual petitioner unclear in both documents, the action is subject to dismissal for failure to use the proper Central District form; failure to state a claim for federal habeas relief; failure to sign the Petitions under penalty of perjury; failure to prosecute; and, to the extent the Petition is being brought by a third party on petitioner's behalf, for failure to seek "next friend" status. And, because petitioner is no longer at his address of record, there is no sense in attempting to impose a sanction other than dismissal. (See Discussion, Part D).

**C.     FAILURE TO INFORM THE COURT OF ADDRESS CHANGE**

Petitioner's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

More than 15 days have passed since the service date the of Magistrate Judge's December 27, 2019, Order. Plaintiff has not apprised the Court of a new address, and in fact has not had any contact with the Court since December 19, 2019, when he filed his case initiating documents. (ECF Nos. 1, 2). Accordingly, plaintiff's case is subject to dismissal for failure to comply with Local Rule 41-6.

## D. FAILURE TO PROSECUTE

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In this case, petitioner's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1438 (9th Cir. 1988). There, in affirming the district court's dismissal of an action for failure to prosecute based on the fact that the court's mail to plaintiff was returned to the court as undeliverable, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

The Carey court cited the following factors as relevant to a district court's determination of whether dismissal of a pro se plaintiff's (or petitioner's) action is warranted for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to keep the Court informed of his current address, or to otherwise communicate with the Court since December 19, 2019, hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

1        The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge has screened the allegations in the Petitions and attempted to inform petitioner that the Court is unable to entertain the Petitions because there was no clear indication of petitioner's name; petitioner failed to use the proper Central District form; the Petitions failed to state a claim for federal habeas relief and were not signed under penalty of perjury; and, to the extent the Petitions were being brought by a third party on petitioner's behalf, that person had failed to seek "next friend" status. It is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to keep the Court informed of his current address, or to otherwise communicate with the Court since December 19, 2019, petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

       Finally, the mail sent by the Magistrate Judge on December 27, 2019, to petitioner at his address of record was returned as undeliverable, and there is indication on the returned envelope that petitioner has been released from his address of record. Petitioner has not informed the Court of his current address and has not otherwise communicated with the Court since December 19, 2019. As in Carey, the Court is unable to contact petitioner "to threaten him with some lesser sanction." Carey, 856 F.2d at 1441 (noting that an order to show cause why dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States Mail"). It is petitioner's burden to keep the Court apprised of any changes in his mailing address to enable the Court to communicate with him when necessary. Id. Petitioner has not met this burden. Thus, the fifth factor weighs in favor of dismissal.

       Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, "the local rule itself provided notice" that the action was subject to dismissal for failure to keep the Court informed of any address change. Carey, 856 F.2d at 1441; see also Local Rule

41-6. And, the Court's effort to contact petitioner to inform him of the deficiencies in his Petition(s) failed.

**II.**

**<u>CERTIFICATE OF APPEALABILITY</u>**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when entering a final order adverse to the petitioner. <u>See also</u> 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (citation omitted); <u>see also</u> <u>Sassounian v. Roe</u>, 230 F.3d 1097, 1101 (9th Cir. 2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> at 484.

Based on the above determination that the action is subject to dismissal without prejudice based on petitioner's failure to state a claim for federal habeas review and other procedural reasons, jurists of reason would not find it debatable whether the Court was correct in its ruling. Accordingly, a certificate of appealability is **denied**.

/

/

/

## III.

## **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to properly name the petitioner; failure to use the proper form petition and to sign the Petitions under penalty of perjury; failure to state a federal habeas claim; failure to exhaust claims; failure to prosecute; and failure to apprise the Court of a change of address in violation of Local Rule 41-6. A Certificate of Appealability is **denied**.

DATED: January 16, 2020

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE